UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ACCESS 4 ALL, INCORPORATED
and PETER DiPALMA,

        Plaintiffs,
vs.

DILULLO BOCA FAMILY
LIMITED PARTNERSHIP

        Defendant.
_____/

CASE NO.: 01-8056

CIV - DIMITROULEAS

MAGISTRATE JUDGE
JOHNSON

## COMPLAINT

ACCESS 4 ALL, INCORPORATED and PETER DiPALMA, jointly referred to herein as "Plaintiffs", by and through undersigned counsel, hereby sue the defendant, **DILULLO BOCA FAMILY LIMITED PARTNERSHIP**, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181, et seq., ("Americans With Disabilities Act" or "ADA").

### JURISDICTION

1.    The Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1331 and 1343 for Plaintiffs' claims arising under 42 U.S.C. § 12181 et seq., based on Defendant's violations of Title III of the Americans with Disabilities Act. Plaintiffs' claims are authorized by 28 U.S.C. § 2201 and 2202.

### PARTIES

2.    The Plaintiff, **ACCESS 4 ALL, INCORPORATED** is a non-profit corporation organized and existing under the laws of the State of Florida ("Association"). The Association's members are individuals with disabilities as defined by and pursuant to the ADA. The primary purpose of the Association is to represent its members to assure that

public spaces and commercial premises are presently and in the future will be accessible to and useable by its members, to assure its members that they will not be excluded from participation in or be denied the benefits of the services, programs or activities of public accommodations, and to assure its members that they are not discriminated against because of their disabilities. The Association and its members have suffered direct and indirect injury as a result of the Defendant's actions or inaction described herein. The Association also has been discriminated against because of its association with its members and their claims.

3. The Plaintiff, **PETER DiPALMA**, is an individual who uses a wheelchair for his mobility. Mr. DiPalma is a resident of Pompano Beach, Broward County, Florida and is *sui juris*.

4. The Defendant, **DILULLO BOCA FAMILY LIMITED PARTNERSHIP**, is a Florida Limited Partnership authorized and engaged in the transaction of business in Florida. Upon information and belief, Defendant is the owner, lessee, lessor and/or operator of the real property and improvements which are the subject of this action, more commonly referred to as the KWIK STOP, located at 1101 South Federal Highway, Boca Raton, Palm Beach County, Florida, and jointly referred to herein as the "Building" or "Premises".

## INTRODUCTION

5. On July 26, 1990, Congress enacted the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et. seq., establishing the most important civil rights law for persons with disabilities in our country's history.

6. The Congressional statutory findings include:

    (a) some 49,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

2

  (b) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

  (c) discrimination against individuals with disabilities persists in such critical areas as employment, housing, **public accommodations**, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

  (d) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities; and,

  (e) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non productivity.

42 U.S.C. § 12101(a)(1)-(3), (5) and (9).

7. Congress explicitly stated that the purpose of the ADA was to:

  (a) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

  (b) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

  (c) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1),(2) and (4).

8. Congress provided commercial businesses one and a half years from the effective date, to implement the requirements imposed by the ADA. The effective date of Title III of the ADA, was January 26, 1992. 42 U.S.C. § 12181; 28 CFR § 36.508(a).

9. The subject premises, which are owned, leased and/or operated by the

3

Defendant and which are the subject of this action, is a retail establishment which offers goods and/or services to the public.. The retail establishment and associated facilities must be, but are unable to be, accessed by individuals with disabilities, including the individual Plaintiff and the corporate Plaintiff and its members.

10. Pursuant to 42 U.S.C. § 12181(7), 28 CFR § 36.104, the premises which are the subject of this action are public accommodations covered by the ADA and which must be in compliance therewith.

11. The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the premises, as prohibited by 42 U.S.C. § 12182 et seq., and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

12. Pursuant to the mandates of U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 CFR Part 36.

13. The Defendant is in violation of 42 U.S.C. § 12181 et seq., and 28 CFR 36.302 et seq., and is discriminating against the Plaintiffs, by failing to, inter alia,

   (a) install ramps with appropriate slope, handrails, landing areas and signage, and make curb cuts in sidewalks, entrances and/or otherwise provide an accessible, properly designated and unobstructed route to and throughout the premises and to the primary functions thereof;

   (b) install the proper number of appropriately equipped accessible telephones and telecommunication devices, reposition telephones to appropriate levels, and/or provide requisite signage;

   (c) provide the requisite number of, properly located, properly configured and/or properly designated accessible parking and/or drop-off/loading zones with

requisite signage;

(d) widen doors and doorways, provide requisite offset areas for opening doors, provide proper hardware on doors, provide appropriate opening resistance on doors and/or provide appropriate closing delay on doors to allow required access and an accessible route throughout the premises and its facilities;

(e) provide requisite signage for all accessible routes throughout the premises and its facilities;

(f) provide requisite signage and accessible restrooms.

by 26 January 1992, or 26 January 1993 if the Defendant has 10 or fewer employees and gross receipts of $500,000 or less.

14. A preliminary list of the Defendant's specific ADA violations, observed during the initial inspection is attached hereto as Exhibit "A".

15. The individual Plaintiff and the corporate Plaintiff's members have been and continue to be denied access to, and have been and continue to be denied the benefits of the services, programs and activities of the premises and its facilities, and have otherwise been and continue to be discriminated against and damaged by Defendant, because of Defendant's ADA violations set forth above. The Plaintiffs will continue to be discriminated against unless and until they are granted the relief provided by the ADA as requested herein.

16. Any and all requisite notice, if any, has been provided to Defendant. Furthermore, such notice is not required as a result of Defendant's failure to cure the violations by 26 January 1992 (or 26 January 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less), or because the subject premises was built subsequent to the effective date of the ADA, and was not built in compliance to it.

17. Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action, and have agreed to pay their counsel reasonable attorneys' fees,

5

including costs and expenses incurred in this action. Plaintiffs are entitled to recover those attorneys' fees, costs and expenses from Defendant pursuant to 42 U.S.C. § 12205.

18. Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiffs injunctive relief including an order to modify the subject facilities to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs respectfully request that the Court issue a permanent injunction enjoining the Defendant from continuing its discriminatory practices, ordering the Defendant to alter the subject premises as appropriate to comply with the ADA, closing the subject premises until the requisite modifications are completed, and awarding Plaintiffs their attorneys' fees, costs and expenses incurred in this action.

Respectfully submitted,

_____
Samuel C. Aurilio, Esquire
Florida Bar No. 0840874
Attorney for Plaintiffs
The Summit Building, Suite 320
840 U.S. Highway One
North Palm Beach, FL 33408
(561) 627-5300 telephone
(561) 625-5629 facsimile

F:\...\AAFW007\COMPLAINT

KWIK STOP
1101 S. FEDERAL HIGHWAY
BOCA RATON, FLORIDA
ADA VIOLATIONS

## PARKING

1. In this parking lot the one space designated for disabled parking has no access aisles provided and is not the proper size. This is in violation of 4.6.3 of the ADAAG, which states "accessible parking spaces shall be at least 12 feet wide with an additional 5 foot wide minimum access aisle. Parking access aisles shall be part of an accessible route to the building or facility entrance, and shall comply with 4.3 Accessible Route. Two accessible parking spaces may share a common access aisle with a minimum width of 60in. Parked vehicle overhangs shall not reduce the clear width of an accessible route. Parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions."

2. On the space designated for disabled parking there is no sign indicating disabled parking spaces. This is in violation of section 4.6.4 of the ADAAG, because they do not display the required language, "by permit only, $250 fine, Tow away zone" or in the case of one sign not even a visible symbol. Which states "Accessible parking spaces shall be designated as reserved by a sign showing the symbol of accessibility". Also violating 4.30.7 of the ADAAG, which states "Facilities and elements required to be identified as accessible by 4.1 shall use the international symbol of accessibility."

## ENTRANCE ACCESS

1. There is not enough space on the top of both entrance ramps to safely maneuver from the ramp to the front door. The existing approach does not have a 5 by 5 minimum level platform at the top or bottom on either one.. This is in violation of 4.8.4 of the ADAAG, Which states "Ramps shall have level landings at bottom and top of each ramp and each ramp run."

2. The two access ramps that lead from the parking to the front entrance walk have too great of a slope for the safe use by a wheelchair. [The slope on one ramp measured 17.5%]. This is in violation of 4.8.2 of the ADAAG. Which states "The least possible slope shall be used for any ramp. The maximum slope of a ramp is 1:12."

3. The front door handles are too high. Is in Violation of 4.13.9, which states "hardware required for accessible door passage shall be mounted no higher than 48in above finished floor."

4. The door handles are not easily usable for handicapped access. This is a violation of 4.13.9 Door Hardware, Which states, "Handles, pulls, latches, locks and other operating devices on accessible doors shall have a shape that is easy to grasp with one hand and does not require tight grasping, pinching or twisting of the wrist to operate."

5. The front door is not wide enough for entry access. Which is in violation of 4.13.5 of the ADAAG, which states "Doorways shall have a minimum clear opening of 32in

## *EXHIBIT "A"*

with the door open 90 degrees, measured between the face of the door and the opposite stop."

## ACCESS TO FRONT COUNTER

1.  Counter top is above 36in in height. A violation of 7.2.2I, Which states "A portion of the main counter which is a minimum of 36in in length shall be provided with a maximum height of 36in."

## ACCESS TO ADDITIONAL ELEMENTS

1.  The aisles do not have the proper access space to maneuver for a person in a wheelchair without great difficulty. This is in violation of 4.27.2 of the ADAAG. Which states, "Clear Floor space. Clear floor space complying with 4.2.4 that allows a forward or a parallel approach by a person using a wheelchair shall be provided at controls, dispensers, receptacles and other operable equipment." 4.2.4 of the ADAAG states, "The minimum clear floor or ground space required to accommodate a single, stationary wheelchair and occupant is 30in by 48in."

2.  A bathroom was noticed on the premises, however the cashier said that it was not for public use and access was denied.

# CIVIL COVER SHEET

01-8056
CIV-DIMITROULEAS
MAGISTRATE JUDGE JOHNSON

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

ACCESS 4 ALL, INCORPORATED
and PETER DiPALMA,

**DEFENDANTS**

DILULLO BOCA FAMILY
LIMITED PARTNERSHIP

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Samuel C. Aurilio, Esq., 840 U.S. Hwy One, Suite 320, N. Palm Beach, FL 33408
(561) 627-5300

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, (PALM BEACH), MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)
[X] 3. Federal Question (U.S. Government Not a Party)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)

**IV. CAUSE OF ACTION**
TITLE III - AMERICAN WITH DISABILITIES ACT 15 U.S.C. § 12181

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)
[X] 440 Other Civil Rights

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
[X] 1. Original Proceeding

**VII. REQUESTED IN COMPLAINT**
JURY DEMAND: [X] NO

**DATE** 1-19-01

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 71377
Date Paid: 1/19/01
Amount: $150.00